Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| MUNICIPIO AUTÓNOMO DE ARECIBO  Recurrido  v.  INTERNATIONAL PR PARKING SERVICE, INC.  Peticionario | KLCE202400354 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo  Caso núm.: AR2024CV00264 (402)  Sobre: Desahucio en Precario |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de abril de 2024.

Comparece ante este tribunal apelativo International Parking Service, Inc., (el peticionario) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revisemos una *Resolución y Orden de Entredicho Provisional* dictada por el Tribunal de Primera Instancia, Sala Superior de Arecibo (el TPI) el 21 de febrero de 2024, notificada ese mismo día. Mediante dicho dictamen, el foro primario concedió un *injunction* preliminar a favor del Municipio de Arecibo (el Municipio o el recurrido).

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción por su presentación tardía.

**I.**

El 12 de febrero de 2024, el Municipio presentó una *Demanda* sobre desahucio en precario en contra de el peticionario.[1] En

---

[1] Véase el Apéndice del Recurso, a las págs. 10-13.

Número Identificador
RES2024 _____

síntesis, alegó que el 1 de noviembre de 2011, las partes suscribieron un contrato para el arrendamiento del estacionamiento Rubén Otero Bosco, el cual venció el 31 de octubre de 2021 y por el cual el peticionario le adeudaba $744,560. Asimismo, adujo que el 30 de enero de 2013, firmaron un segundo contrato para el arrendamiento del estacionamiento del Terminal Norte que venció el 1 de febrero de 2024, y se le debía $208,960. Señaló, además, que el peticionario detentaba la posesión de estas propiedades precariamente, por lo que solicitó como remedio que se ordenara su lanzamiento conforme dispone el Artículo 620 del Código de Enjuiciamiento Civil, 31 LPRA sec. 2821.

El 14 de febrero de 2024, se diligenció el *Emplazamiento y Citación por Desahucio* expedido por el TPI.[2] El juicio quedó señalado para el 21 de febrero de 2024 a las 9:00 a.m. por medio de video conferencia.

A la vista señalada compareció el Municipio y sus representantes legales.[3] El peticionario compareció por derecho propio. En lo pertinente, el Municipio solicitó en corte abierta que se expidiera una orden provisional de cese y desista contra el peticionario para que se abstuviera de continuar operando sin autorización los estacionamientos objeto de los contratos en cuestión. El peticionario se opuso al petitorio. Así, la petición de cierre del estacionamiento quedó sometida y se le apercibió al peticionario que debía contratar representación legal, ya que la corporación no podía estar representada por él.[4]

Finalizada la vista, el mismo **21 de febrero de 2024**, el TPI emitió y notificó el dictamen recurrido disponiendo lo siguiente:[5]

[...]

---

[2] *Íd.*, a las págs. 38-39.
[3] *Íd.*, a las págs. 40-42.
[4] *Íd.*, a la pág. 41.
[5] *Íd.*, a la pág. 8. [Énfasis en el original].

> **A la solicitud de orden provisional solicitada por el Municipio este Tribunal la declara CON LUGAR ordenando el inmediato cese y desista de las operaciones de la parte demandada en las instalaciones municipales de los Estacionamientos Rubén Otero Bosco y Terminal Norte hasta que se celebre el Juicio en su Fondo el próximo viernes, 23 de febrero de 2024, a las 9:00 am.**
>
> [...]
>
> La vista en su fondo en el caso de autos se celebrará **el viernes 23 de febrero de 2024 a las 9:00 am**, según partes citadas en Corte Abierta. El Tribunal no permitirá reseñalamiento.

Inconforme, el peticionario acude a este tribunal intermedio mediante el recurso de *certiorari* de epígrafe imputándole al foro de primera instancia haber incurrido en los siguientes errores:

A. ERRÓ EL TRIBUNAL AL DICTAR UNA ORDEN DE ENTREDICHO PROVISIONAL EN LA PRIMERA COMPARECENCIA SEÑALADA EN UN PLEITO SUMARIO DE DESAHUCIO, SUSTITUYENDO EL DERECHO DE ACCIÓN DE LA DEMANDANTE EN VIOLACIÓN AL DEBIDO PROCESO DE LEY Y SIN JURISDICCIÓN PARA ELLO.

B. ERRÓ EL TRIBUNAL AL DICTAR LA ORDEN DE ENTREDICHO PROVISIONAL SIN QUE EL EMPLAZAMEINTO DILIGENCIADO AL PETICIONARIO ADVIRTIERA TAL POSIBILIDAD SINO QUE POR EL CONTRARIO, LIMITÓ EL ALCANCE DE LO QUE PODRÍA CONCEDERSE, RESULTANDO INSUFICIENTE, AFECTANDO LOS DERECHOS SUSTANCIALES DEL PETICIONARIO.

C. ERRÓ EL TRIBUNAL AL DICTAR UNA ORDEN DE ENTREDICHO PROVISIONAL CUANDO NUNCA SE RADICÓ SOLICITUD DE INTERDICTO JURAMENTADA, NI SOLICITUD DE REMEDIO PROVISIONAL; HABIÉNDOSE RECONOCIDO EL DERECHO DEL PETICIONARIO DE COMPARECER CON REPRESENTACIÓN LEGAL, Y CONCEDIDA LA TRANSFERENCIA.

El 4 de abril de 2024, dictamos una *Resolución* concediéndole a la parte recurrida el término de diez (10) días para expresarse. El 15 de abril siguiente, compareció mediante un *Escrito en Cumplimiento de Orden o Resolución* por lo que nos damos por cumplidos, y decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero et al. v. ARPe, et al.,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y; por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra, a la pág. 537. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.* supra.

Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. 4 LPRA Ap. XXII-B, R. 83. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con

cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

**Desahucio**

El desahucio es un procedimiento especial de naturaleza sumaria cuyo objetivo principal es recuperar la posesión material de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749-750 (1987); *C.R.U.V. v. Román*, 100 DPR 318, 321 (1971). Nuestro más alto foro ha reiterado jurisprudencialmente que el desahucio es "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble." *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992). En este contexto, nuestro Tribunal Supremo ha expresado:

> La característica medular de un procedimiento civil sumario es lograr, lo más rápido y económicamente posible, la reivindicación de determinados derechos, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales. Conlleva acortar términos -en ocasiones, hacerlos improrrogables- y prescindir de ciertos trámites comunes al proceso ordinario sin negar al demandado o querellado una oportunidad real de presentar efectivamente sus defensas. Se acepta que estos procedimientos sumarios, en el fondo, constituyen unos tratos privilegiados y que su justificación responde a un interés gubernamental legítimo de atender prioritariamente ciertas causas de acción. Por ser la excepción, su aplicación está limitada a situaciones expresas en que la Asamblea Legislativa ha reconocido la necesidad y trascendencia de reparar, en un breve plazo, algún agravio. *Turabo Ltd. Partnership v. Velardo Ortiz*, supra, pág. 234.

Asimismo, con el fin de agilizar el procedimiento de desahucio, se aprobó la Ley núm. 86-2011. La misma enmendó, entre otros, el Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831,

para reducir el término de apelación de una acción de desahucio, disponiendo que:[6]

> Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

Además, hasta tanto el Tribunal de Primera Instancia no fije en la sentencia de desahucio el monto de la fianza, la sentencia carece de finalidad y, por ende, el término jurisdiccional de cinco días para presentar la apelación no empieza a transcurrir. *ATPR v. SLG Volmar-Mathieu*, supra, a la pág. 15. La inclusión en la sentencia del monto de la fianza que debe prestar el demandado es un requisito jurisdiccional para este perfeccionar su recurso de apelación. *Íd.*, a la pág. 10. Así, una vez impuesta la fianza en la sentencia, y "[s]egún está diseñado actualmente ese proceso, el demandado tiene cinco días jurisdiccionales para presentar el recurso de apelación y prestar la fianza". *Íd.*, a la pág. 14.

### III.

Luego de examinado el trámite procesal, nos corresponde primariamente auscultar si tenemos jurisdicción debido a que, por ser materia privilegiada, debemos atenderla con preferencia a cualquier otro asunto planteado. Esto, aun cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.*, supra, pág. 355.

En el presente recurso, el peticionario recurre de una determinación interlocutoria dentro de un proceso de desahucio sumario. El Artículo 629 del Código de Enjuiciamiento Civil, *supra*, guarda silencio sobre el derecho de las partes para la revisión de órdenes y resoluciones interlocutorias emitidas dentro de este proceso, así como del término para ello. Por lo cual, podemos deducir que el permitir la revisión de dictámenes interlocutorios,

---

[6] Véase, *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5 (2016).

dentro del proceso especial de desahucio sumario, es **incompatible con la naturaleza sumaria dispuesta en el estatuto**.

Por otro lado, como indicamos, la referida ley establece claramente un término de **cinco (5) días** para solicitar la revisión de la sentencia, así como el requisito de presentar fianza. Por tanto, aun cuando concluyéramos que la revisión de dictámenes interlocutorios es posible, a pesar de su omisión, dicho término tendría que ser igualmente aplicable para su revisión. Lo cual conlleva que el recurso presentado resulte uno tardío.

Conforme surge del trámite procesal, el TPI emitió la determinación recurrida el 21 de febrero de 2024, la cual se notificó ese mismo día. Por ello, los peticionarios tenían hasta el 28 de febrero siguiente para acudir ante este foro intermedio.[7] Sin embargo, estos presentaron el recurso el día 25 de marzo de 2024, en exceso del plazo de cinco (5) días, dispuesto en nuestro ordenamiento legal.

Enfatizamos que el nuevo diseño legislativo del desahucio sumario, según descrito en el derecho precedente, persigue que los procedimientos se efectúen de manera expedita.

En conclusión, ante la evidente radicación tardía del recurso ante nuestra consideración, este foro apelativo tiene la obligación de declararse sin jurisdicción. Reiteramos que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado, según señalamos. A su vez, precisa advertir, que una vez esta *Curia* determina que no ostenta jurisdicción, procede la desestimación del caso. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 83.

---

[7] En el caso *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235 (2018), el Tribunal Supremo dictaminó que el mecanismo provisto por la Regla 68.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, es aplicable al término jurisdiccional de cinco (5) días que el Artículo 629 del Código de Enjuiciamiento Civil, *supra*, provee para apelar una sentencia de desahucio sumario. Por consiguiente, debido a que dicho término plazo es menor de siete (7) días, el sábado, 24 de febrero y el domingo 25, se excluyen del cómputo.

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones